Shaw C. J.
afterward drew up the opinion of the Court. Whatever doubts may have been formerly entertained, it seems now to be well settled, that a widow is entitled to dower in such mines and quarries, as were actually opened and used during the lifetime of the husband, and it makes no difference whether the husband continued to work them to the period of his death, or whether they have been continued since his death by the heir or his assignee. Stoughton v. Leigh, 1 Taunt. 402.
In New York, the right of dower has been held to attach to a bed of iron ore, and that such a bed of considerable extent must be regarded as opened, although the openings which had been wrought by the husband, had been partially filled up and abandoned, and other openings into the same bed had been made by the heir. Coates v. Cheever, 1 Cowen, 460.
The only question appears to be, whether it is sufficiently shown by the special verdict, that the whole of the slate quarry described therein was opened and wrought previously to the death of the demandant’s husband, so that it ought to be taken into consideration, in connexion with the residue of his estate, and dower assigned in the whole ; and the Court are all of opinion that it was.
A tract of about four acres lying together, contained the slate quarry, about a quarter of an acre of which had been dug over. The stone lay partly above, and the residue immediately under the surface, and as in going down, the quality improved, the practice had been to take a section of ten or twelve feet *471 square, and to go down to the usual depth, and then begin on the surface again. We think it would be too narrow a construction to say that no part of this quarry was opened except that portion which had been actually dug; but it must be considered that the whole, lying together as one tract, belonging to one estate, and wrought in the manner described, was opened, and therefore that the widow was entitled to dower in that, as well as the other estate of which her husband had been seised during the coverture. The judgment therefore on the special verdict, must be entered for the larger sum.[1]

 Tenant in dotver of coal lands may take coal to any extent from a mine already opened, or sink new shafts into the same veins of coal, or dig into a new seam through one already opened above it. Crouch v. Puryear, 1 Randolph, 258. See King v. Dunsford, 2 Adolph. & El. 568,